UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DNA HEALTH, LLC (NJ), | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:22-cv-00121-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LIV HEALTH LLC, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Liv Health LLC and Tailor Made Health LLC's Motion for Leave to File a Third-Party Complaint against Michael Antonelli. [R. 25.] On May 11, 2022, DNA Health, LLC (NJ), filed a complaint against several defendants, including LIV Health and Tailor Made. [R. 1.] On August 1, the Defendants answered, and LIV Health and Tailor Made Health filed several counterclaims against DNA Health. [R. 22.] Now, LIV Health and Tailor Made seek to join Michael Antonelli as a party to this matter and to bring claims against him, pursuant to Federal Rules of Civil Procedure 13(h) and 20(a)(2). [R. 25.] Because Liv Health and Tailor Made already brought three of these claims against DNA Health, the Court will **GRANT** the motion **[R. 25]**, join Mr. Antonelli as a party to the existing claims, and permit Liv Health and Tailor Made to bring the remaining claims as counterclaims against him.

**I**

This matter stems from a business venture gone wrong. Michael Antonelli sells nutraceuticals, which are herbal, dietary supplements. [R. 1 at 4.] To market nutraceuticals to

doctors, Mr. Antonelli created DNA Health.  *Id.*  Before starting DNA Health, Mr. Antonelli worked for BioTE Medical.  [R. 25-1 at 5.]

In July 2021, DNA Health entered into a ten-million-dollar deal with LIV Health and Tailor Made to purchase BPC-157, a nutraceutical.  [R. 1 at 4.]  Shortly after they struck the deal, BioTE Medical sued Mr. Antonelli and DNA Health, claiming that Mr. Antonelli violated a non-compete agreement that prevented him from selling nutraceuticals to its customers.  *Id.* at 5; [R. 25-1 at 8.]  In January 2022, a Texas court enjoined Mr. Antonelli and DNA Health from selling BPC-157 in competition with BioTE.  [R. 1 at 5; R. 25-1 at 8; R. 58-1 at 4.]  DNA Health then told LIV Health and Tailor Made that the injunction would likely cause it to miss a payment towards the BPC-157 purchase agreement.  [R. 1 at 6.]

Liv Health and Tailor Made notified DNA Health that they considered it to have defaulted on the purchase agreement.  *Id.*  DNA Health disagreed and argued that Liv Health and Tailor Made breached the contract by impermissibly declaring a default.  *Id.*  DNA Health then began this litigation based on breach of contract.

In their answer, Liv Health and Tailor Made brought several counterclaims against DNA Health.  [R. 22 at 21.]  Of relevance, they argue that DNA Health misled them as to the existence of restrictive covenants with BioTE that could prevent DNA Health from selling BPC-157.  *Id.* at 22.  Based on this theory, they filed three counterclaims for fraudulent misrepresentation, negligent misrepresentation, and negligence.  *Id.* at 22–24.

Now, Liv Health and Tailor Made ask the Court for leave to file several claims against Mr. Antonelli, who is currently not a party to this proceeding.  [R. 25.]  They again assert claims for fraudulent misrepresentation, negligent misrepresentation, and negligence.  [R. 25-1 at 13,

15, 16.] Additionally, they allege claims for theft and conversion. *Id.* at 14. No one has filed a motion opposing the request, and the matter is now ripe for consideration.

## II

### A

As an initial matter, Liv Health and Tailor Made have improperly attempted to file these claims as a third-party complaint. [*See* R. 25-1 at 2 (styling the pleading as a third-party complaint).] Third-party practice is governed by Rule 14, which permits a defendant to file a claim against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Third-party claims can only be asserted if the third party's liability depends on the outcome of the main claim or when the third party is secondarily liable to the defending party. 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1446 (3d ed. 2022); *accord Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). The defining characteristic of a Rule 14 claim is that the defendant is attempting to transfer any liability asserted against it by the original plaintiff to the third-party defendant. Wright & Miller, *supra*, § 1446. Absent this showing, a claim that arises from the same set of facts as the original complaint is not a third-party complaint. *Cooper Tire*, 512 F.3d at 805.

Here, Liv Health and Tailor Made are attempting to bring claims that are very similar to the original breach of contract claims that DNA Health filed against them. But Mr. Antonelli's liability to Liv Health and Taylor Made is in no way dependent upon the success of DNA Health's suit. If anything, the opposite may be the case. If DNA Health prevails, its purported owner, Mr. Antonelli, will not be obligated to pay money to the losers. Liv Health and Tailor Made are simply not bringing third-party claims.

**B**

Instead, they are trying to bring counterclaims despite the inconvenience that Mr. Antonelli is not a party to the case.[1]  Generally, courts do not permit this practice.  However, because Liv Health and Tailor Made can join Mr. Antonelli to three existing counterclaims brought against DNA Health, they can bring the claims against Mr. Antonelli.

Rule 13 allows additional parties to be joined to an existing counterclaim in accordance with Rules 19 and 20.  Fed. R. Civ. P. 13(h).  Courts interpret this rule liberally to promote the expeditious and economic administration of justice.  *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969).  Even so, a counterclaim cannot be directed only against a person who is not already a party to the original suit.  Wright & Miller, *supra*, § 1435; *accord FDIC v. Bathgate*, 27 F.3d 850, 873 n.13 (3d Cir. 1994); *Sergent v. McKinstry*, 472 B.R. 387, 398 (E.D. Ky. 2012) (Thapar, J.); *Various Mkts. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459, 471 (E.D. Mich. 1995).  To join a new party under Rule 13(h), a counterclaim must involve at least one existing party.  Wright & Miller, *supra*, § 1435.  Otherwise, neither the counterclaim nor the new party will be added to the action.  *Id.*

This requirement stems in part from a simple reading of Rule 13.  The Rule provides for two types of counterclaims: compulsory and permissive.  Fed. R. Civ. P. 13(a)(1)–(2).  Both provide that counterclaims may be sought "against an opposing party."  *Id.*  Federal courts distinguish between counterclaims brought against both an existing party and a non-party and counterclaims pursued solely against a non-party.  *United States v. Zashin*, 160 F. Supp. 843, 844

---

[1] There is some confusion in the pleadings filed by Liv Health and Tailor Made.  They bring their Motion for Leave pursuant to Rules 13 and 20, which would be consistent with a counterclaim.  [R. 25 at 1.]  But the document that they filed is styled as a third-party complaint.  [R. 25-1 at 3.]  To avoid needless delay, the Court construes the documents as seeking leave to add a party to a counterclaim pursuant to Rule 13(h).  *C.f. Lexington Streetsboro, LLC v. Geis*, No. 5:07-cv-02450, 2008 U.S. Dist. LEXIS 108090, at *16 (N.D. Ohio Feb. 23, 2008) (construing a motion for leave to amend as a Rule 13(h) motion).

(E.D.N.Y. 1958); *see also United States v. Techno Fund, Inc.*, 270 F. Supp. 83, 85 (S.D. Ohio 1967) (adhering to this rule after Rule 13(h) was revised to permit joinder of parties under Rule 20). Claims directed only at a non-party are not counterclaims "but an independent cause of action" against the party to be joined. *Zashin*, 160 F. Supp. at 844.

**1**

Liv Health and Tailor Made ask for leave to file three counterclaims against Mr. Antonelli that they have already brought against DNA Health. [*Compare* R. 22 at 22–24 *with* R. 25-1 at 13, 15, 16.] The counterclaims against Mr. Antonelli for fraudulent misrepresentation, negligent misrepresentation, and negligence are therefore brought both against an existing party and a non-party. Accordingly, Rule 13(h) permits Liv Health and Tailor Made to bring these three claims against Mr. Antonelli if he can be joined to this action via either Rule 19 or 20.

Rule 20 allows defendants to be joined in one action where: (1) a right to relief is asserted against each defendant relating to or arising out of the same transaction, occurrence, or series of transactions and (2) some question of law or fact common to all the parties will arise in the action. Fed. R. Civ. P. 20(a)(2)(B); Wright & Miller, *supra*, § 1653. Courts interpret the words transaction or occurrence broadly and liberally to avoid generating a multiplicity of suits. *Alexander*, 414 F.2d at 150. The Sixth Circuit has endorsed the logical relationship test for assessing this requirement. *See id.* Under that test, "all logically related events entitling a person to institute a legal action against another typically are regarded as comprising a transaction or occurrence." Wright & Miller, *supra*, § 1653.

Here, the rights to relief against all of the original defendants and the counterclaim defendants come from the same series of transactions, specifically the negotiation of and performance under the asset purchase agreement. The original suit, and the original

5

counterclaims, center on determining who breached the contract.  The three misrepresentation counterclaims focus on the creation of that contract.  Not only do these events share a logical relationship, they also quite literally stem from the same pieces of paper.

Likewise, these three counterclaims share several, central questions of law and of fact with DNA Health's original suit against Liv Health and Tailor Made.  To decide who breached the purchase agreement, the decider of fact may need to determine whether Mr. Antonelli disclosed the existence of his noncompete agreement with BioTE.  Indeed, a legal predicate to that question may be whether Mr. Antonelli had any duty to disclose the existence of the noncompete agreement.  Obviously, who knew about the noncompete and when they knew it will also be key questions in resolving Liv Health and Tailor Made's counterclaims regarding misrepresentation.  Judicial economy will be better served by resolving these questions together. *See Grover v. BMW of N. Am., LLC*, 464 F. Supp. 617, 624 (N.D. Ohio 2020) (claims stemming from contracts to purchase a car shared common questions of law and fact regarding whether BMW was aware of and concealed a defect).

**2**

Liv Health and Tailor Made also ask to join two claims against Mr. Antonelli that they did not bring against DNA Health.  They allege that Mr. Antonelli committed theft and conversion by impermissibly withdrawing funds from DNA Health.  [R. 25-1 at 14.]  Because the rules permit the liberal joinder of claims after a non-party is joined to an action, Liv Health and Tailor Made can also assert these claims against Mr. Antonelli.

Once a party is properly joined under Rule 20, Rule 18 may be invoked independently to join as many other claims as a plaintiff has against a defendant.[2]  Wright & Miller, *supra*, §

---

[2] For the purposes of the counterclaims at issue, Liv Health and Tailor Made are the Plaintiffs and Mr. Antonelli is the Defendant.  *See* Wright & Miller, *supra*, § 1657.

1655.  Rule 18 contemplates "entertaining the broadest possible scope of action consistent with fairness to the parties . . . ."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Joinder of claims is strongly encouraged.  *Id.*  Accordingly, Rule 18(a) permits a party to join as many counterclaims as it has against an opposing party.  Wright & Miller, *supra*, § 1582; *accord Black v. Boyd*, 248 F.2d 156, 163 (6th Cir. 1957).

Here, the three existing misrepresentation counterclaims against DNA Health allow Liv Health and Tailor Made to join Mr. Antonelli as a counterclaim defendant to this action.  Given that he is joined to these three counterclaims, Liv Health and Tailor Made can bring any other counterclaims that they have against him.  So, all five claims may validly be brought against Mr. Antonelli as counterclaims.

### III

For these reasons, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants Liv Health LLC and Tailor Made Health LLC's Motion for Leave to File **[R. 25]** is **GRANTED**;

2. Pursuant to Rule 13(h), Counterclaim Defendant Michael Antonelli is joined to this case, subject to successful service of process upon him;

3. The Clerk is **DIRECTED** to designate Mr. Antonelli as a Counter Defendant in the record for this matter;

4. The pleading attached to the Defendants' Motion [R. 25-1] is **CONSTRUED** as a counterclaim against Mr. Antonelli; and

5. The Clerk is **DIRECTED** to file the attachment **[R. 25-1]** into the record as a counterclaim.

This the 17th day of February 2023.

Gregory F. Van Tatenhove
United States District Judge